### ARRECO v. POPE et al.

*(District Court, S. D. New York. October 22, 1888.)*

DEMURRAGE—DELAY IN LOADING—"WITHIN REACH OF THE SHIP'S TACKLES"—WAIVER.

A charter-party allowed 18 days for loading. The cargo was tendered five days after notice of the ship's readiness. Thirty days were occupied by the master in loading. The charter required delivery of the cargo "within reach of the ship's tackles." It was delivered a few yards beyond, without objection from the master, and the cargo was delivered to the ship as fast as the ship could load. One day after the tender of the cargo was occupied by the ship in unloading her ballast. *Held*, that only five days' demurrage should be allowed to the ship, no evidence appearing that the cargo could not have been loaded by the ship within 18 days, and delivery "within reach of the ship's tackles" having been waived.

In Admiralty. Libel for demurrage.

*Butler, Stillman & Hubbard*, for libelant.

*Wilcox, Adams & Macklin*, for respondents.

BROWN, J. Although the charter required the cargo to be landed "within reach of the ship's tackles," the evidence shows that the captain accepted the delivery a few yards beyond, without objection; and after the 21st of February there was no delay in supplying the cargo, which was loaded by the master from the place where its delivery was accepted. Had it appeared that the cargo might with reasonable diligence have been loaded after that date within the 18 lay days allowed by the charter after

the ship was ready, to-wit, February 15th, I think the libelants would not have been entitled to any demurrage; for the master accepted the delivery without objection, and he was bound to load with reasonable diligence. All that was obligatory on the charterer in this regard was to furnish and deliver the cargo in time to admit of its being loaded with reasonable diligence within the 18 lay days. But it is not shown that the cargo could with reasonable diligence have been loaded in 12 days after it was delivered to the ship. On the other hand, I am not at all satisfied upon the master's testimony that the cargo could not have been easily loaded within 18 days after the 21st; nor that the delivery of the cargo a few yards distant from the reach of the ship's tackles was in any degree the cause of his use of 30 subsequent days in loading, instead of 18. It is not reasonable to suppose any such additional time beyond the 18 days contemplated by the charter could have been required on account of so slight a difference in the spot of delivery. If the master was dissatisfied as to the point of delivery, he should have objected at the time. Not only did he not object, but he did not even present any bill for what expense was incurred, though it was small, for bringing the cargo within reach of the tackles. I allow the ship, therefore, the use of the 18 lay days from the time the cargo was delivered and accepted by the master, viz., on the 21st. The ship was ready, however, to receive the cargo on the 15th. Sufficient prior notice of her arrival and expected readiness was given, but the cargo was not furnished till the 21st. During one of the intervening days the loading was interrupted by the necessity of unloading the residue of her own cargo. I allow her, therefore, five days' demurrage at the charter rate of £11 sterling per day, amounting to $275.35, with interest and costs.